Good morning, Your Honors. May it please the Court, I'm Shannon Liss-Riordan for the Plaintiff Employees, and I'd like to request two minutes for rebuttal. Your Honors, in this case, the District Court simply misunderstood what the complaint was in our first amended complaint. The procedural history of this case got the District Court off onto an unusual track because the original complaint filed by the original counsel had essentially said that the employees were not being paid properly under the CBA. That attorney was then discharged and I was retained and I amended the complaint to make a completely different claim from what was originally pled. Our amended complaint does not depend on the CBA in any way, shape, or form under California state law, and that is that we have alleged that these charges, which are called both service charges and gratuities to customers, as you'll see in the appendix at 18, are required to be paid to the employees in full. No portion of it can be retained by the hotel. No portion of it can be retained by managerial employees. So to assume that the original complaint is superseded. Yes. But are there, as your worthy opponent argues, factual admissions supporting that original allegation to which you were bound? No, because the original complaint made allegations. So if there were factual assertions, I agree there may be some estoppel against our changing our statement of certain facts. But if you look at the original complaint and if you look at the amended complaint, what was in the original complaint were allegations. The hotel did not pay the gratuities as required by the CBA. There's no statement of fact that we're trying to run away from. Kagan. There's no statement of fact, there's no contradiction. I mean, it's not so much whether it's a statement of fact, it's that the original or maybe this is what you mean. The original contention was you didn't pay what was required by the CBA, and the current one is you didn't pay what's required by the statute. And there's, I don't know that they point you to any contradiction between the factual statements as to what was actually paid or wasn't paid. Well, they're completely different. The CBA requires one thing, and what originally led to this dispute is what led to these employees hiring a counsel who essentially made a claim under the CBA in a court lawsuit. I came in and said you can't do that, that would be preempted. We made a different claim under State law. We're not running away from any facts in the original complaint, we're just saying we're not issuing  So, for example, it could be the case that you will lose the case under State law when you wouldn't have under the CBA could you have brought it, because it could be that whatever these things are are not covered by the State law. Well, I understand you say they are, but it could be that these service payments are actually not gratuities for purposes of the State law. We're not there. Right. That's the merits that we haven't even gotten to. Right. And still it could be the case that in fact they weren't being paid properly under the CBA. The two just are apples and oranges. But we're not making that claim, because the union can deal with the CBA and whether or not the CBA is being followed. The CBA the hotel may very well try to use the CBA as a defense to our claims. I don't think they'll be successful, but even if it were a defense, that does not trigger 301 preemption, because the union the hotel is likely to say look at the contract. The contract says 25 percent can go to managers, 75 percent goes to you all. We followed the CBA. I'm saying that State law doesn't allow the hotel to retain any portion of the charge or pay any of it to managers, regardless of the CBA. Kagan. Parts of the CBA may be invalid under State law. Excuse me? Parts of the CBA may be invalid under State law. It may be. It may be, but that doesn't trigger preemption. Again, that would mean that the hotel may rely on it as part of its defense, and that would be a whole other issue that could be litigated whether or not, and I don't believe it could, but whether or not the union could waive the employee's rights under the State law, whether there is, was an unmistakable waiver, and again, under the case law, even if, and I'm not saying the court would need to, but even if the court would need to see if there was that unmistakable waiver, that would not trigger 301 preemption either. It would be a defense. It would be merely consulting it. We're just saying we don't care whether the CBA even exists. We're saying these are gratuities under 351. They must be paid in full to the employees, and the fact that this dispute originally arose because some bussers were upset about how coffee breaks were being treated under the CBA has nothing to do with our complaint. As we pointed out in the briefing, this exact type of claim has been brought and addressed. This exact issue has been addressed by courts in Hawaii, Massachusetts, and New York. In all of those cases cited in our briefs, there were union hotel employees or union employees who were making claims under State TIPS laws, similar to the California Labor Code 351, and in those cases, they were unionized employees, and the defendants were arguing, the employers were arguing, oh, look at our contracts. We're allowed to do this. This raises – this requires interpretation of the CBA. There's 301 preemption here. And in every one of those cases, the courts rejected that and said that there was not 301 preemption. The district court here just disposed of those cases without even looking at them. At the bottom of page 9 of the decision, the Appendix 11, said, however, plaintiffs fail to cite any California cases or cases interpreting California contract law to support this theory. This is not an issue of California law. This is an issue of Federal law, the LMRA Section 301 preemption. There's nothing that California contract law would have anything to do with this question. It shows that the Court just completely misunderstood what we were saying. And if you look earlier on that page of the decision, on page 9 of the decision, the Court, again, shows it's confusing. There's no oral argument held on these motions, so the Court was not able to get his confusion cleared up here. He says that the Court must interpret and apply – well, it says because plaintiff's single cause of action alleges the defendant failed to distribute the total amount of gratuities on the sale of food and beverages at its hotel from banquets, events, buffets, coffee service and room service, the Court must interpret and apply Section 9 of the CBA. Well, that would be to determine whether or not the hotel had properly distributed them as the CBA requires, but that's not what we're claiming. He talked about whether they were paid the appropriate amount. There may be one appropriate amount of the CBA. Again, not what we're seeking, but what we're seeking is the appropriate amount under State law. And so our case should rise and fall over under whether I'm correct, whether the total proceeds of these charges to be paid out to the employees not retained by the hotel and not paid to management. In its briefing, the hotel tries to get into the merits of the case somewhat, saying that we don't have a claim under California law under 351 because these were mandatory payments and only voluntary payments would be covered. Again, that's a merits issue that's just simply not before the Court now. One last question is, or one question is, I suppose we agreed with you, then what? I gather you're not at the time of the removal, we were, the other complaint was the existing complaint, so the removal was proper. At this point, any remand would be discretionary, essentially, with the district judge. Yes, that's exactly right. And so that's the case of any continuing State federal cause of action. Yes, that's exactly right. The Court should have considered whether or not it should have exercised its discretion to decide whether the case was far enough along that it made sense to keep it in the Federal court or whether it should have remanded it to the State court. But it's true. The removal was proper, I believe, at the time because of the state of the complaint. But also courts have allowed plaintiffs to amend their complaints to remove the basis for removal and Federal preemption under 301. It doesn't remove jurisdiction, but essentially creates a supplemental jurisdiction situation. It is, it's essentially a supplemental, even though there wouldn't be any Federal jurisdiction at the time, because there is jurisdiction at the time of the original removal, it's within the district court's discretion as to whether or not to retain the jurisdiction. There's no rule that you have to keep talking. Excuse me? There's no rule that you need to keep talking if you don't have anything else to say. I do believe I've addressed the points. I'm hopeful that the submission that we made to Your Honor satisfies the concern about the technical defect in jurisdiction. The parties agreed that everyone understood the case to have been over in the district court at the time. So I'm hopeful that our obtaining that stipulation that was signed off on by the district court satisfies the court's concern about the jurisdictional issue. If the court has no further questions, I'll reserve for rebuttal. Thank you very much. Thank you, Your Honors. Good morning, Your Honors. May it please the Court, Tyler Brown on behalf of Defendant Napoli, San Francisco-Hilton. Your Honors, the question for this Court, I believe, is very straightforward. Does the analysis of plaintiff's claims require the interpretation of the collective bargaining agreement? We contend, of course, that it does. To fully understand why it does, I believe it is important to look back at the original complaint and the original complaint and the documents that we attached. Why? Because it's the original complaint and the documents that we attached. Well, let's assume that we have the collective bargaining agreement, but I don't know why the original complaint matters. The collective bargaining agreement matters, but, you know. Yes, yes, Your Honor. But I do believe that the documents that you attached are important because it sets the stage and shows that the underlying dispute here really did start and continues to be, at least in part, this issue of whether a coffee break is a banquet or a buffet. But what facts were admitted in the original complaint? Isn't Ms. Lees-Warden correct that there was an allegation of violation of the CBA? Yes. But that's not a factual admission. It is not a factual admission. Where are the factual admissions in the original complaint? I don't the factual I'm not contending that the factual admissions in the original complaint are necessarily relevant other than the fact that they were pleading a claim under the collective bargaining agreement. What I am saying is that the. My understanding is that I don't I don't see what this coffee break thing has to do with anything. The complaint at this point is that with regard to the payments that are made, for service at the bank, at the hotel, under state law, the employees are supposed to keep that and not have to give it to anybody else. Now, you're saying that that may, somewhere along the way, one of the subcategories of that will be these coffee breaks. And what difference does that make? Either they're either right that these are service, that these service payments are covered by the state statute, or they're not right in general. It matters, Your Honor. I mean, the only thing that might ultimately matter to us is, you know, how you figure out back pay, I suppose. But the case law is pretty clear under Levadus and the many other cases that if you're just looking to the collective bargaining agreement for some numbers, that's not going to matter. I would agree with that, Your Honor. That's absolutely correct. However, that's not what we're dealing with here. So be very specific, because honestly, I don't understand what your argument is. Absolutely, Your Honor. I'd be happy to. The issue of the coffee breaks is important for this reason. I think, first of all, we don't believe that plaintiffs are saying that the issue of coffee breaks is not something they are seeking money for. In other words, it's just that they aren't saying that the coffee breaks are not on the table. The coffee breaks are on the table. Okay. So let's start with that. From there, we have to look at, okay, is a coffee break a banquet or a buffet? And we have to look at that. Stop there. Yes, sir. Why? Because if the issue is whether the money is going to the right people, it seems to me the complaint touches upon the money for each of those, and whether it's banquet or buffet, the plaintiff's claim is that State law requires the money to go to this group of people, and the hotel's practice diverges from that. Why does it matter whether a coffee break falls on one side or the other if the complaint covers the whole universe? Because the way in which the coffee breaks are treated are different under those two sections of the collective bargaining agreement, and so they're claiming for both. So why, for this purpose, does it matter which side of the banquet, buffet line coffee breaks are placed? They claim they're being shortchanged on both sides. Well, Your Honor, the fact of the matter is that the language of the collective bargaining agreement is, admittedly, goes a little bit both ways. It talks about gratuities and it talks about service charges. And under Section 351, which pertains only, only to gratuities, that's not true. Well, their argument is that it doesn't. I mean, their ultimate argument, and this is where you're going to get to the merits. The merits issue, I gather, is they're saying that whether this was a mandatory charge or a voluntary charge, it applies anyway. That's their merits position. That's a State law question. It has nothing to do with the collective bargaining agreement. I would disagree, Your Honor. Isn't the collective bargaining agreement at most a defense, as the Pellant argues? No. I think it's beyond a defense, Your Honor. It's fundamental to the question. Well, let's suppose they're right on that, that it doesn't matter whether the service charge is automatically added or is voluntarily added. If they're right about that, then could I at least get you to say the collective bargaining agreement is irrelevant? If they're right about that. You're going to say they're wrong about that, and that's the merits. I am going to say they're wrong. But if they're right about that, the collective bargaining agreement has nothing to do with anything. No, I would continue to disagree, Your Honor. All right. Why? And because it gets back to the issue of are we talking about service charges? Are we talking about gratuities? Are we talking about something which applies? Are we talking about the section that refers to banquets, referring to the section of buffets? All of these are questions which, without answering, we don't even know if there's a violation to begin with. That depends on State law, because their position is in any event there's a violation. State law is certainly implicated, Your Honor. I would ask you, I mean, we can't get around the fact that there is a State law question here, but there is, in order to reach the determination of whether there is a violation under that State law, one has to look to the collective bargaining agreement in order to reach that initial determination. That's what I'm trying to figure out. Is it your contention that the collective bargaining agreement can supersede the requirements of State law? Not supersede, Your Honor, no. Let me try. Suppose California has a minimum wage law, $20 an hour, and there's a collective bargaining agreement that provides for $15 an hour. Would the collective bargaining agreement have the effect of saying no State law, no $20 minimum? No, I don't believe so, Your Honor. So here we have a State law that speaks about how the money in this category, and that's going to be a big fight, what's in that category, but the gratuity category, where that goes. Could a collective bargaining agreement alter that? If this contract spoke using the same language, gratuity, and said, well, yeah, the statute says gratuities all go to this group of workers, but under the terms of this CBA, 25 percent of the gratuities are going to go to this group of workers instead, and this group only gets 75 percent, would that supersede State law? That would not supersede State law, Your Honor, but that's not this case. Well, I understand that. I'm coming up to that case. So what — but understanding now that the State law is going to be there, and you can have a State law claim separate and apart from the CBA, what is it about the statute that demands attention in order to resolve the State law claim? I think it's two things. One, it's the coffee break issue, which we've discussed. I'm a complete loss on that one, so you're going to have to explain that one again. All right. But let me go to the other one, which I think is important, is that because the statute that plaintiffs are seeking relief under refers to gratuities, and because the collective bargaining agreement refers to gratuities and service charges, and yet plaintiffs are claiming that they are entitled to monies under both. But that's a substantive fact. I mean, and this is one of the things that the plaintiffs say. I mean, A, it may be that they're all covered by the State law. That's their ultimate position, that it doesn't matter which it is. Okay? Second-lawing, if it turns out it does matter which it is, then you can go to the actual receipts for all these various events and see whether they were treated as essentially voluntary or mandatory charges. And whether the CPA required it or not is just immaterial. You just look and see how it was treated. I would respectfully disagree, Your Honor. I can't. This is what bothers me. I have a feeling that there's something at the core of what you're saying, but I can't figure out what it is. You just haven't managed, I mean, to give us any concreteness as to why one would have to look at the collective bargaining agreement to resolve anything in this case. I mean, A, there's the legal question. Does it apply to mandatory service charges as well as to voluntary ones? All right? You certainly don't need a CBA for that. B, and if the plaintiffs prevail that it applies to the service charges, then you certainly don't have to look to the CBA to see which is which. And if it does matter whether it's, quote, a gratuity in the voluntary sense or not, then you can look at the actual bills for the various events. You don't have to look to the CBA. So when do you have to look at the CBA? Okay. Let me go back to that question, and Judge Clifton asked the same thing, which I'm not doing, apparently, a good enough job in explaining the coffee break issue. So the coffee break issue is that under the banquet section, it refers to service charges. It does not refer to gratuities under the buffet. All right. For the coffee breaks that actually occurred. Yes. You charged whatever, you treated it however you treated it, right? Okay. Yes. If you want to know how you treated it, you can look at the bills and see how it was treated, right? It was either on there as a service charge, or it was added as a voluntary tip. I don't know. That would be entirely the case, Your Honor. Well, they'll have to prove it up one way or another. Okay? They're not arguing that it was treated wrong under the CBA. They don't care whether it was treated wrong under the CBA. So why are we going to have to – maybe it was treated wrong under the CBA, but that's not what they're trying to find out. Well, I think that goes back in part to where I started, which is that I believe it is important in order to inform the court's view of the entire case to understand its genesis, which was this coffee break issue. Plaintiffs here are trying to plead artfully around the collective bargaining. No, they've abandoned it. They're allowed to abandon it. I mean, at this point, they're saying, look, even if you did it wrong under the CBA, we don't care. We're not trying to recover for that mistake if you made it. Well, Your Honor, I don't believe that the courts have been as generous as allowing them to simply abandon if you've – if one were to look at the history and realize All right. Suppose they had in fact filed a completely new case. Then would it have been okay? If they were to file – one, that's not where we are. But if they were to file a complete new case, we would have to look at their pleadings. We'd have to look at what the claim is. Same pleadings. The First Amendment complaint is filed as complaint. The second – okay. Forget the history. I understand it's not this case. Sure. Forget the history. The current operative complaint is the only complaint that was ever filed. We would still argue that in order to – And we're trying to find out what the basis of that argument is. Fair enough. Because the past history about coffee breaks, at least so far, hadn't impressed us. That might have been then. This is now. What is it about the current dispute, based on the State statute, that requires reference to the CBA? Well, as the district court found that the coffee break issue did require interpretation of the collective argument. And I didn't understand it when the district court said it either. Didn't that court wrongly assume that Hilton could not comply with the CBA and violate State law? Isn't that an incorrect assumption embedded in the decision? I don't know that that was a bedrock portion of the court's decision. And I hesitate to call the district court wrong. But – so, no, I don't think that's the case. The only thing I can say with regard to the district court is that since this decision, there have been, I guess, two major 301 preemption issues in this court, both of which I wrote. And maybe they've clarified things. And maybe he would have said the same thing now. Perhaps. But, you know, when you look at 301 preemption, Your Honors, I think it's important to remember it is one of the broader preemptions that courts address. And its purpose is to keep intact the sanctity of the collective bargain agreement and to give the benefit of the bargain between the union and its employees. That was a bargain that was struck here. And that bargain – That's your real complaint, isn't it? And that's run through all of these 301 cases. I mean, really what the employers don't like, and, you know, I understand why, is that you're subject to two regimes. One is the collective bargaining regime, and the other is the State law regime, and it's confusing and disturbing. But that really is what's at the bottom of your complaint. And we shouldn't have to do both. But you do. You do, but in doing the second one, that being the 351 claim, you've – I believe you still need to look at the collective bargaining agreement and to determine whether it applies in this particular case. And I would add that this notion that we are not talking about the merits is not true. We raised in the court below that this was not a – 351 did not apply here. I know you raised it. Did the district court just sign it? The district court did not decide it. But I do believe it is appropriate to raise at this point, and we did preserve it at that time. So – and for the reasons stated in our brief, we believe that the 351 does not apply to this collective bargaining agreement. And then that's an open issue, and they could easily lose it. All right. Thank you, Your Honor. Thank you very much. You have some time if you want to use it. By the way, we're going to take a break right – a short break right after this. Go ahead. I hesitate to add anything, but just to crystallize, I think, two points. The hotel's argument is essentially that the substantive question about whether or not these are gratuities covered by 351 or instead mandatory charges that they say fall outside 351, they're saying you have to look to the CBA to see that. And that's just not correct. The issue is, as we've alleged in our complaint, whether these are gratuities under the State law, which would be whether reasonable customers would understand them to be gratuities. But if the State – if under State law it were to turn out that some of these were not gratuities, you still wouldn't have to look to the CBA to figure out which ones they were. You could look at the documents. Exactly. Exactly. Sotomayor, I suppose you had a CBA that said, anticipating this problem, that said we agree that for these purposes gratuities means this and service charge means that, and service charge includes things that aren't – that go beyond what's covered by gratuities under the meaning of Article 351. In that case, the CBA would seem at least relevant to the question. If the parties to the transaction had a common understanding and a reached agreement as to the meaning of the term. Well, the CBA can provide more rights to the employees than under State law. That's not the situation we have here. Again, we're not relying on the CBA. We're here saying essentially that the State law provides more rights than the CBA, and that's why we're turning to the State law. The question of what the CBA sort of interchangeably and confusingly refers to service charges and gratuities, and the hotel itself, as you can see in the record at page 18 of the appendix, they – the hotel calls it both a service charge and a gratuity. Our merits argument when we get to it is going to be that reasonable customers understood this to be a gratuity. It would be absurd under 351 to say that something that reasonable customers understand to be a gratuity, in fact, the hotel here even calls a gratuity, can't be a gratuity under 351. Whatever the hotel agreed with the employee's union about that has nothing to do with that. The question is going to be whether reasonable customers understood they were paying a gratuity. And this type of case comes up all the time in both the union context and non-union settings where there is no collective bargaining agreement. And you look to what the reasonable customer's understanding is of a charge to determine whether or not it's a gratuity under the law. And that's what we're saying is the case under California law, like it's been understood to be the case under the laws of these other states that have gratuity statutes, Hawaii, Massachusetts, New York. So, again, and I disagree that the hotel put the merits of this case at issue. They moved – they opposed our motion to remand and they moved for dismissal under 301 preemption. They didn't move for dismissal on the grounds that we haven't stated a claim under 351. To the extent that argument got interwoven into the briefing, we did put in, in brief, our response to that. But that's a merits issue that we believe is going to need to be sorted out once it's been established where this case should be heard. Okay. Thank you very much. Thank you, Your Honor. Thank you both for your arguments. The case of Canal v. San Francisco, I hope, is submitted and we will take a short break. Thank you.
judges: Berzon, Clifton, Mueller